Moncure J.
delivered the opinion of the court.
The principal question to be decided in this case is, as to the sufficiency of the excuse for not giving oyer of the writing obligatory on which the action is founded. The declaration, or rather the amended declaration which is regarded as the commencement of the pleadings in the case, made no proferí, but the defendant craved oyer, of the said writing obligatory; according to the provision in the Code, chap. 171, sec. 9, which makes it unnecessary in any action to make proferí of any deed, but declares that a defendant may have oyer in like manner as if proferí were made. The excuse for not giving oyer is in these words:
*304 “ The plaintiff, in answer to the oyer craved by defendant of the original bond upon which this action is founded, and for reason for not producing it says that the original bond is now on file in the Circuit court of the United States for the county of Washington in the District of Columbia; that he the plaintiff has applied to the said court, since the institution of this suit, for said original bond; that said application was opposed by the defendant; and that the court therefore refused to deliver to the plaintiff said original bond; and so it is impossible for the plaintiff to produce said bond, after the use of all means in the power of plaintiff to produce it. And this he is ready to verify. Wherefore he prays judgment, &c.”
To this excuse there was a demurrer which the court sustained, and the plaintiff waiving the leave granted1 him to plead any further excuse, judgment was rendered for the defendant.
It was a general rule of the common law that where a party in pleading claimed or justified under a deed and was presumed to have it in his possession, he was bound to make profert of it, or a sufficient excuse for not doing so. 1 Chit. pi. 365. The rule had its origin in the solemnity attending the execution of deeds, and the dignity formerly attached to such instruments. One reason assigned for the rule was,-that the court might be enabled by inspection to judge of the sufficiency of the deed. Another was, to enable the adverse party to have oyer of it and better make his answer or ■ defence. Stephens in his work on pleadings, p. 441, assigns a different one from these, which, as he says, have long since become obsolete, though in practice profert was still continued to be made.
Whatever may have been the origin or reason of the rule, it had long been considered in England as matter of form and not of substance, the statute 4 Anne c. 16 *305 having expressly declared that the omission of profert should be ground only of special demurrer, 1 Chit. pi. 6-fl; until, at length in 1852, it was altogether abolished by 15 and 16 Viet. c. 76, § 55, which provides that “it shall not be necessary to make profert of any deed or other document mentioned or relied on in any pleading; and if profert shall be made it shall not entitle the opposite party to crave oyer of, or set out upon oyer, such deed or other document.” 3 Rob. Prac. 507. Our Code, enacted a few years before, did not go so far; but only dispensed with the necessity of making profert, while it retained the right of craving oyer in like manner, as if profert were made.
So that now, when a party craves oyer of a deed under which his adversary claims or justifies, the latter must produce it, or give a sufficient excuse for not doing so; and the question as to the sufficiency of the excuse for not’giving oyer is precisely the same as was the question formerly as to the sufficiency of the excuse for not making profert. The question to be considered in this case therefore is, whether the excuse made for not giving oyer is sufficient according to the settled principles of law in regard to profert.
An excuse which, from a very early period was allowed as sufficient was, when the deed had been pleaded and remained in another court. A deed ivas supposed to remain in court during all the term at which it was pleaded, but no longer; unless the opposite party during that term plead in denial of it; in which case it was supposed to remain in court till the action was determined. Steph. 88. Another excuse allowed from a very early period was, when the deed was in the hands of the adverse party, or had been destroyed by him. It was at one time doubted whether the loss of a deed was a good excuse for not making profert; and the jurisdiction of e'quity in such cases is founded on the idea which *306 formerly existed, that there was no remedy at law. But ° in Read v. Brookman, 3 T. R. 151, it was held by the court of King’s Bench that it was a sufficient excuse for maicing proferí of a deed that it was “lost and destroyed by time and accident.” This is a leading case on the subject, and placed it on the true ground, which is that the law compels no one to do an impossibility, Indeed Lord Coke had placed it on the same ground in assigning as a reason why a deed remaining jn one court may be pleaded in another, without shewing forth, quia lex non aogit ad impossibilia. Wherever there fore a party cannot produce a deed, at least unless his inability proceed from his own wilful act, he is not bound to give oyer of it. We regaa’d this as a true test, though we do not mean to say it is the only one.
Let us apply this plain and simple test to the present case, • and see whether according to it the excuse here given is sufficient. The formula of stating the excuse in the approved precedents of pleading is very general; as, that the deed has been lost or destroyed by accident; or, that it is in the possession of the defendant, <fce.; and that therefore, the plaintiff cannot produce the same to the court. 1 Chit. PL 319 ; 2 Id, 139; Steph. Ill, In this case the excuse is stated very fully and formally, and the substance of it is; that the original bond on which the action was brought was then on file in the Circuit court of the United States for the county of Washington in the District of Columbia; that the plaintiff had applied to the said court since the institution of this suit for said bond; that said application was opposed by the defendant; and the court therefore refused to deliver the bond to the plaintiff; and so it was impossible for the plaintiff to produce it after the use of all the means in his power to do so. This excuse comes fully up to the requisition of the test before stated, and not only shows an impossibility on tire part *307 of the plaintiff to produce the deed, but that such impossibility has been occasioned by the act of the defendant himself, who, by demurring to the excuse, admits the truth of it. We are therefore of opinion that the excuse is sufficient.
It is not necessary for the excuse to show that the party making, it is entitled to the custody of the deed, but on the contrary that he is not so entitled, or is otherwise unable to produce the deed. Nor is it necessary for for the excuse to show that the plaintiff is entitled to recover the money mentioned in the deed and claimed in the action. The right to such recovery must be tried under the general issue or some other issue directly made up for the purpose; and not in a collateral enquiry, the only object of which is to ascertain whether oyer ought to be given of the deed. It is supposed that a defendant who craves oyer desires to have it, and will himself do nothing to prevent his having it. Ilis object in craving it is, to be better able to make his defence after he gets it, and not to make his defence in the act of craving it.
An excuse for not producing a deed may be made in the declaration, or it may be made in another form after oyer is craved by the defendant. Suppose the declaration contains neither proferí nor any excuse for not making it, and the defendant appears at rules when the declaration is filed and craves oyer, as he did in this case; what ought then to be the course of proceeding % Ought oyer to be given or a good excuse for not giving it made before the defendant is required to plead ? or may the clerk proceed, as he did in this case, to mature it for trial at the next term by giving a rule to plead, and entering a judgment in the office by nil dicit? If the original deed be filed with the declaration, as is generally the case, the defendant should at once take oyer of it and demur or plead at his election; but if the deed be not so filed, and the defendant will not *308 plead without oyer, the clerk may properly take the rules, as he did in tins case, without regard to the craving of oyer, so that the case may be ready to be disposed of at the next term of the court unless there be good cause for a continuance. If an excuse for not giving oyer can be made at rules its sufficiency can only be determined by the court, and there is no reason for making it until the next term of the court after oyer is craved.
But it was argued by the counsel for the defendant in error that though the excuse in this case be sufficient, the demurrer thereto goes back to the declaration, which is faulty, and the judgment should therefore be for the defendant.
It is true as a general rule that on demurrer the court will consider the whole record, and give judgment for the party who, on the whole, appears to be entitled to it. But to this rule there are exceptions; as when the plaintiff demurs to a plea in abatement, in which case the court, deciding against the plea will give judgment of respondeat ouster, without regard to any defect in the declaration. So the court, in examining the whole record to adjudge according to the apparent right, will consider only the right in matter of substance, and not in respect of mere form, such as should have been the subject of special demurrer. Steph. 162-1. We think that this case also is an exception, and that in deciding on the demurrer to the excuse the court ought not to go back to the declaration. The excuse is a-mere collateral matter, certainly standing on no higher ground than matter of abatement. The law prescribes no mode of -making it. It may be made as well ore tenus as in writing. And the objection to it may be made as well orally as by a formal demurrer. If made orally, the objection would of course not reach back to the declaration and make it necessary for the court to pass upon its *309 sufficiency. It can have no such effect if made formally by demurrer. There can be no legal difficulty, and generally no inconvenience, in presenting the question on both sides ore terms. It is a question for the court to decide, (unless an igpue of fact be made up thereon for the jury), and may be disposed of by its rules and orders like any other collateral question coming up for its decision in the course of legal proceedings before it. The case is analogous to a proceeding to enforce the production of an instrument not under seal on which an action or defence may be founded and which the court may require to be produced for the inspection of the adverse party. 3. Chit. Gen. Prac. 433, 619; 2 Arch. Prac. 219. An error of the court in deciding the question when it comes upsorally would be liable to review and correction by an appellate court, as well as when it comes up formally by written excuse and demurrer. In the former case the point could be put upon the record by a bill of exceptions. In the latter it would be put there by the pleadings, and the decision of the court thereon which would be entered in the order book.
Even if the demurrer to the excuse operated as a ■demurrer to the declaration it would be to the whole declaration, and not to each count severally. As the craving of oyer and excuse go to the whole, so also must the demurrer to the excuse, if it goes to the declaration at all; according to the principle of the case of Ward v. Sackride, 3 Caine’s Rep. 263, referred to in 1. Rob. Pr. (old) 290. That principle is, that a demurrer by the plaintiff to the defendant’s plea cannot operate as a demurrer by the defendant to the plaintiff’s declaration to any greater or less extent than the plea of the defendant was pleaded to the declaration. If therefore a declaration contain two counts the first of which is confessedly bad, and the plea of the defendant is to the whole cause of action, extending as well to the first *310 count as to the second; upon a demurrer by the plaintiff to this plea, judgment cannot be given for the defendant upon the ground that the first count is bad. In this view of the case we would have to consider it as upon a demurrer to the whole declaration ; and we must so consider it, because there was a demurrer to the declaration which was not decided upon by the Circuit court otherwise than by giving judgment for the defendant on his demurrer to the excuse. The whole record is before this court,- and if upon the whole, judgment ought to be for the defendant, the judgment of the Circuit court must be affirmed. We will therefore proceed to consider the case upon the demurrer to the declaration.
It is a general demurrer, and indeed eould not have been otherwise, the action having been brought since the enactment of the Code -which abolished special demurrers. And it is a demurrer to the whole declaration, and must therefore be overruled if either count be good. We think both counts are good, at least in substance.
As to the first count; a formal objection is taken to it which would be unavailing if well founded, to wit: that- it sets out the cause of action by ivay of recital. But it is not even well founded. The quod cum, as it was called, might always have been used, and generally was, in actions' ex contractu, though not in actions of trespass. But the chief objection taken to the first count is, that it does not aver performance of a condition precedent, to wit: that the plaintiff’s testator was first duly authorized to receive the amount demanded in the action. This condition precedent is supposed to be created by the use of these words in parenthesis, “ (they being first duly authorized to receive the said amount),” which follow the agreement to secure on real estate the several sums of money to the several parties mentioned in the instrument. In deciding upon the demurrer we *311 must? construe the instrument by itself, and cannot look to the cases in 4 Peters 205, 9 Id. 418, and 12 Id. 145, or any thing else dehors the instrument, for explanation. So construing it, the words in parenthesis are insensible, and cannot affect the obligation of the express promise to pay the money. They must be treated and rejected as surplusage. An obligation is construed most strongly against the obligor. lie must take care to use intelligible words to express any condition precedent he may wish to impose on his obligation. Of course, the obligee is duly authorized to receive a sum of money which the obligor expressly promises to pay him; there being nothing in the instrument to show how or ly whom the obligee is to be otherwise duly authorized. If the words can derive such explanation from the light of extrinsic facts as would give them effect, it devolves on the obligor to allege and prove the facts in his defence. The shifting of the burden of allegation and of proof is the only consequence of his neglect to express his intention plainly, provided he has so expressed it as that, with the aid of extrinsic facts any effect at all can be given to it. The instrument is not a deed inter partes between Lloyd and Schofield. The latter is not a party to it, and his name is not so mentioned therein as to show that he has any interest in if.
As to the second count, the only objection taken to it is that it does not sufficiently aver performance of the condition precedent, supposing the -words in question to create one. It avers such performance in the very -words of the condition, to-wit: that the plaintiff “is duly authorized to receive” of the said John Lloyd the said sum 5of 01100 with interest thereon as aforesaid. It is ageneral rule that a breach of a covenant or other contract may be assigned in the very words of the contract. 3 Rob. Prac. 590-597, 4 Id. 8. And that is generally the best and safest mode of assigning it. In Martyn v. *312 Clue, 83 Eng. C. L. R. 681, Lord Campbell said, in answer to an objection to an assignment of this kind, “No authority was cited to show that an allegation of the breach following the words of the covenant was insufficient ; and we find no principle for so holding. The defendant must be taken to have understood the application of the covenant he chose to make.” A breach need not be assigned in the words of a covenant, but may be assigned in equivalent words; as in Fletcher v. Peck, 6 Cranck’s R. 87, 127, cited in 3 Rob. Pr. and 4 Id. 6, where it was objected to the declaration that the covenant was that the legislature had a right to convey, and the breach was that the legislature had no authority to convey. Marshall C. J. said: “It is enough that the words of the assignment show unequivocally a substantial breach. The assignment under consideration does show such a breach. If the legislature had no authority to convey, it had no right to convey.” Generally the same rules which apply to an assignment of breaches also apply to an averment of performance of a condition precedent. If there be any difference the rules which apply to the latter are less stringent than those which apply to the former. The courts, especially in England, have gone very far in sustaining the sufficiency of averments of performance of conditions precedent, 3 Rob. Prac. 571, 578.
It is true that it is sometimes insufficient to follow the words of the contract, but it is necessary to be more specific. And it is also true that there are cases which decide that the declaration should not present for the determination of the jury what is matter of law; or partly of law and partly of fact; as that a party was dioly appointed administrator; or was duly appointed receiver ;• but it should state what in particular was done; so that if the fact be admitted, the court can determine whether he was duly appointed; or, if issue be joined on the allegation, the jury can answer as to its truth. 3 Eob. Prae. 530 and the cases cited.
*313 But whether or not, according to the strict and technical rules of pleading, the averment, being in the very words of the deed,is sufficient; or should have been more specific; or should have been only of matter of fact; certainly the defect, if there be one, is only, of form and not of substance, and, since special demurrers have been abolished, is not now ground of demurrer. The Code, ch. 171, § 31, provides that “on a demurrer (unless it be to a plea in abatement) the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has heen heretofore deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defence that judgment, according to law and the very right of the cause, cannot be given.” The important words, “whether it has been heretofore deemed mispleading or insufficient pleading or not,” were added at the last revisal, and seem to be a very material extension of the operation of the law. The most that can be said of the defect in question is, that it might have been deemed insufficient pleading before the enactment of the Code; and not that any thing is «omitted in the declaration so.essential to the action that judgment according to law and the very right of the case cannot be given.
"We are therefore of opinion that the words in parenthesis do not create a condition precedent, the performance of which it is necessary for the declaration to aver, and therefore the first count is good; and if they did, that performance of the condition precedent is sufficiently averred in the second count, which is therefore good; and one, if not both, of the counts being certainly good, the demurrer to the declaration cannot be sustained.
The result of the foregoing opinion is that the judgment must be reversed, the excuse for not giving oyer sustained, the demurrer thereto overruled, and the defendant required to answer without having oyer.
Judgment bevebsed.